UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

(1) JENNIFER GOODE

and

(2) KANDI FREY, individually, and on behalf
of all others similarly situated,

                            Plaintiff(s),

vs.                                        Case Number:17-cv-472-GKF-JFJ

(1) NUANCE COMMUNICATIONS, INC.,

(2) NUANCE TRANSCRIPTION SERVICES, INC.,

(3) TRANSCEND SERVICES, dba NUANCE
TRANSCRIPTION SERVICES, INC., and

(4) TRANSOLUTIONS, INC.,
                            Defendant(s).

**JOINT STATUS REPORT**

**Jury Demanded**:    ☒ Yes    ☐ No

**I.    Summary of Claims**:

In Plaintiffs' Second Amended Complaint, filed on December 21, 2017 pursuant to Fed. R. Civ. P. 15(a)(2) and the written consent of Defendants, Plaintiffs, individually and on behalf of all others similarly situated, allege that they were employed by the Defendant companies (referred to collectively herein as "Nuance") during the relevant time periods as medical transcriptionists, called Medical Language Specialists ("MLSs"). Nuance is the largest medical transcription organization in the world and Nuance MLSs transcribe over 5 billion lines of medical data a year. Plaintiffs' primary work duty was to transcribe physician-generated audio recordings, which are submitted to Nuance by medical providers. Plaintiffs are "remote" employees, in that they work from home. Nuance pays MLSs according to the number of lines transcribed in a given week, and accuracy is factored into the hourly rate of pay earned by an MLS.

Plaintiffs allege that, despite the fact that Nuance requires MLSs to take rest breaks during certain work periods (for which Nuance promised MLSs would be compensated), Plaintiffs allege that they, and all other similarly situated MLSs, were *not* paid for rest breaks and were actually *penalized* for taking breaks due to the way Nuance calculated hourly rates of pay. Additionally, Plaintiffs allege that Nuance failed to pay promised incentives to MLSs in the summer of 2017 following a malware attack on Nuance software and failed to properly include incentives when calculating overtime rates of pay.

Plaintiffs claim that Nuance violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA") in failing to properly compensate MLSs for rest breaks, for improperly reducing the rate of pay for MLSs who took rest breaks, for failing to pay promised incentives to MLSs and for failing to properly include incentives when calculating overtime rates of pay. Further, Plaintiffs assert that they and similarly situated MLSs constitute a collective under the FLSA.

Plaintiffs, individually and on behalf of all others similarly situated, bring certain state law claims against Nuance for the actions described above, including for breach of the employment agreement between Nuance and the MLSs, fraud, violation of the Massachusetts Wage Act, M.G.L. c. 149, § 150 and violation of the Massachusetts Overtime Law, M.G.L. c.151, § 1A and 1B. Plaintiffs assert that they and similarly situated MLSs constitute a cognizable class under Fed. R. Civ. P. 23.

Plaintiffs, individually and on behalf of all others similarly situated, seek all relief afforded under the claims stated above, including unpaid wages, liquidated damages in an amount equal to treble the unpaid wages, statutory penalties, economic and compensatory damages, punitive damages, costs and attorney fees, pre- and post-judgment interest, and all other relief the Court may deem just and appropriate.

    A.   Claims to be Dismissed: None.

**II.**    **Summary of Defenses**:

Defendants do not intend this discussion to be a comprehensive discussion of their defenses to Plaintiffs' claims, but rather a brief, high-level summary.

In response to Defendants' motion to dismiss Plaintiffs' First Amended Complaint (filed on December 1, 2017), Plaintiffs filed a Second Amended Complaint in which they withdrew their Oklahoma Protection of Labor Act claim, amended their breach of contract claim, and added a claim under the Massachusetts state wage law. Although Defendants have consented to Plaintiffs' filing of their second amended pleading, Defendants believe that the Second Amended Complaint remains deficient, and should be dismissed in part.

Regarding their breach of contract claim, Plaintiffs fail to sufficiently identify any binding "employment agreement" they assert Defendants allegedly breached. With regard to fraud, Plaintiffs fail to plead that claim with sufficient (or any) particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs' fraud claim is also subject to dismissal because it is merely an improper attempt to convert what is actually a breach of contract claim into a fraud claim.

Regarding Plaintiffs' claim under the Massachusetts General Law, none of the named Plaintiffs or opt-ins are Massachusetts residents or worked in Massachusetts during any period of their employment so this claim must be dismissed as well.

Defendants also contend that no FLSA collective class should be certified because, under relevant Tenth Circuit law, the putative collective members are not similarly situated to the named plaintiffs. Additionally, Defendants assert that no Rule 23 class should be certified because, among other reasons, there is no commonality with regard to issues of fact or law, and Plaintiffs fail to satisfy the Rule 23 requirements of typicality, predominance, and adequacy.

Finally, throughout the entire relevant time period, Defendants have had and continue to maintain robust policies and practices regarding the provision of rest breaks, and the payment of minimum wage, overtime pay, and any incentive compensation, consistent with federal and state laws. Defendants also have and continue to adhere to these compliant policies, as well as federal and state laws, with respect to all aspects of the named Plaintiffs' and all putative class and collective members' employment and payment of wages.

    A.   Defenses to be Abandoned: None.

**III.**    **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

- Defendants' Motion to Dismiss the First Amended Complaint and Brief in Support (Dkt. No. 26), filed December 1, 2017.

- o   The parties have agreed that Defendants will file their motion to dismiss the Second Amended Complaint by January 26, 2018.

### IV.   Stipulations:

A.   Jurisdiction Admitted:   ☒ Yes   ☐ No (If no, explain.)

B.   Venue Appropriate:   ☒ Yes   ☐ No (If no, explain.)

C.   Facts:  None

D.   Law:  None

### V.   Proposed Deadlines:

Pursuant to the Second Amended Complaint, Plaintiffs are seeking to certify a proposed nationwide collective action under the Fair Labor Standards Act ("FLSA") and a Rule 23 class action under the remaining claims.

While the parties agree that discovery need not be formally bifurcated, the parties also agree that the discovery framework and schedule proposed below must take into account the Court's rulings on the following anticipated motions in the case: (i) Defendants' Motion to Dismiss the Second Amended Complaint; (ii) Plaintiffs' Motion for Conditional Certification of an FLSA collective action; (iii) Defendants' Motion for Decertification (if the Court grants Plaintiffs' Motion for Conditional Certification); (iv) Plaintiffs' Motion for Rule 23 Class Certification; and (v) Defendants' Summary Judgment Motion.

The parties agree that following the Court's ruling on Plaintiffs' Motion for Conditional Certification, and in the event the Court conditionally certifies an FLSA collective action, the parties will require at least 10 months of discovery to enable Defendants to file their Motion for Decertification and Plaintiffs to file their Motion for Rule 23 Class Certification.  Defendants anticipate filing their Motion for Decertification, if needed, following the conclusion of discovery.  Additionally, the parties agree that Plaintiffs' Rule 23 Certification Motion shall be filed no earlier than 60 days after the Defendants' Motion for Decertification has been fully submitted to the Court.

The parties believe the foregoing discovery period is the minimum amount necessary because, among other reasons, the putative collective class includes potentially over 13,500 individuals who work remotely and are spread across the United States.  Moreover, a significant number of Defendants' corporate and management employees also work remotely and are spread throughout the country, making access to potentially relevant witnesses logistically more challenging than if they were centrally situated at corporate headquarters.  Additionally, due to the nature of Defendants' business, the parties anticipate complex issues regarding electronically stored information, requiring a considerable amount of time and effort for both parties.

Finally, although the parties anticipate the majority of discovery to be complete before Plaintiffs file their Motion for Rule 23 Class Certification, the parties further agree that if the Court certifies a Rule 23 class as to any claim, they will need at least four months to complete limited merits discovery following the Court's Rule 23 ruling.

**Parties' Dispute over the Timing of the Filing of Plaintiffs' Motion for Conditional Certification:**

Although the parties agree on the schedule as set forth in this Joint Status Report, they disagree over one issue:  the timing of the filing of Plaintiffs' Motion for Conditional Certification of the FLSA collective class.

**Defendants' Position**: Plaintiffs have advised Defendants that they will not agree to wait later than February 1, 2018 to file their Motion for Conditional Certification. Defendants believe that this early filing of such a motion is both unduly prejudicial to Defendants and inefficient for the Court. In just the past several months, Plaintiffs have

filed <u>three different complaints</u>, each of which Defendants have had to address in one manner or another. Plaintiffs' serial repleading has caused undue delay and inefficiency, and resulted in Defendants having to file a motion to dismiss their First Amended Complaint, only to have Plaintiffs attempt to cure their deficiencies (including dropping their non-viable Oklahoma Protection of Labor Act claim) so that Defendants must now file yet another motion to dismiss their latest pleading, the Second Amended Complaint, which they just filed <u>yesterday</u>. First, the Court should only permit the filing of a Motion for Conditional Certification once an <u>operative</u> complaint is in the case.  Plaintiffs have already modified their pleading on multiple occasions, and Defendants have a *bona fide* basis on which to dismiss various claims in that most recent complaint—the Second Amended Complaint. Moreover, the crux of Plaintiffs' theory in this case revolves around *rest break* violations, including their contention that there was some policy or agreement concerning rest breaks that forms the basis of their breach of contract claim.  Defendants will be moving to dismiss, among other claims, the breach of contract claim in their forthcoming motion, and Plaintiffs' rest break theory will be at the very heart of their Motion for Conditional Certification.  As such, Defendants' Motion to Dismiss may impact Plaintiffs' Motion for Conditional Certification. Therefore, it is Defendants' position that the Court should wait until it has adjudicated Defendants' Motion to Dismiss before permitting plaintiff to file their Motion for Conditional Certification.  Otherwise, Defendants are going to have to respond to a moving target. Moreover, Plaintiffs' timing for their filing is designed to force Defendants to brief the Motion to Dismiss and their opposition to the Motion for Conditional Certification virtually simultaneously, which is an unfair burden on Defendants, particularly in view of the fact that the timing of their forthcoming Motion for Conditional Certification is a direct result of Plaintiffs' multiple amendments.

**Important Development Concerning Plaintiffs' Now-Filed Second Amended Complaint (ECF Dkt. No. 29)**

After Plaintiffs advised Defendants that they would not agree to wait later than February 1, 2018 to file their Motion for Conditional Certification, Plaintiffs filed, on December 21, 2017, a Second Amended Complaint (the "December 21 Pleading") (ECF Dkt. No. 29).  Footnote 1 of the December 21 Pleading suggests to the Court that Defendants consented to the filing of that pleading; however, Defendants did <u>not</u>, in fact, do so, as the December 21 Pleading was never sent to Defendants' counsel for their approval.  Defendants consented to a pleading that Plaintiffs sent Defendants on December 18, 2017 that Plaintiffs represented would constitute their Second Amended Complaint (the "December 18 Pleading").  At no time before Plaintiffs filed their December 21 Pleading did they inform Defendants' counsel that they had made any changes to the December 18 Pleading.  However, following Plaintiffs' filing of the December 21 Pleading, Defendants' counsel ran a comparison of that pleading against the December 18 Pleading and learned that Plaintiffs, <u>without advising Defendants and seeking their approval</u>, made two very substantive modifications to the December 21 Pleading: (1) Plaintiffs <u>added an entirely separate fraud claim</u> directed at Defendants' incentive compensation program, and (2) Plaintiffs extended the putative Rule 23 class period from <u>5 years to 6 years</u>.

Defendants have contemplated a Motion to Strike the Second Amended Complaint, but are cognizant of the liberal standard for amending pleadings and also seek to be mindful of the Court's and the parties' time.  Because a futility argument raised in support of a Motion to Strike would likely address the same issues that could be brought in a Motion to Dismiss the Second Amended Complaint, Defendants will not seek to strike the filing of the December 21 Pleading (reserving all rights in that regard), but will raise any arguments to the merits of the new amendments in their forthcoming Motion to Dismiss.  However, this is yet a further illustration of why the Court should not permit Plaintiffs to file their Motion for Conditional Certification until after the Court rules on Defendants' Motion to Dismiss:  Plaintiffs' serial repleading seems to know no bounds, and it is unfair for Defendants to continuously defend against a moving target.

In sum, Defendants ask that the Court defer Plaintiffs' filing of the Motion for Conditional Certification until after it rules on the Motion to Dismiss or, at minimum, allow for the completion of the briefing on the Motion to Dismiss before permitting Plaintiffs to file their Motion for Conditional Certification.

**Plaintiffs' Position**: After the above issue was brought to the attention of Plaintiffs' counsel, review showed that the final draft was not sent to Defendants and that a prior draft was, in fact, sent to advise of the scope of the proposed amendment. Plaintiffs' disagree that the changes referenced by Defendants are as substantive as they suggest. Plaintiffs' only changed the year to coincide with the breach of contract statute of limitation in Massachusetts because, as Defendants are aware, Plaintiffs are alleging Massachusetts law applies. The addition of

language to the fraud claim was only to recall allegations made further up in the complaint, which were already included by reference in the first paragraph. Plaintiffs strongly disagree with the suggestion that Plaintiffs' counsel has - at any time - acted in bad faith and further disagree that the Court should wait to hear a Motion for Conditional Certification until Defendants' forthcoming Motion to Dismiss is submitted.

Plaintiffs respectfully disagree with Defendants that their amendments were untimely, resulted in undue delay or inefficiency or unfairly prejudicial to Defendants. Plaintiffs posit that both of their amendments were made promptly and pursuant to the Federal Rules, which provide that leave to amend should be "freely given." Defendants consented to Plaintiffs' filing of the Second Amended Complaint, thus avoiding burdensome motion practice.

Plaintiffs anticipate filing their Motion for Conditional Certification in mid- to late- January 2018. Plaintiffs desire to file their motion as soon as possible so that, in the event conditional certification is granted, the notice process can begin as soon as possible (which, based on the size of Defendants' operation, may be a lengthy process). A few declarations have already been filed in support of certification.

At the earliest, Defendants' motion to dismiss will not be fully submitted to the Court until the beginning of March 2018. Even assuming the Court rules on the same immediately, and Plaintiffs are able to file their Motion for Conditional Certification immediately thereafter, the motion would not be fully submitted until the end of April 2018. It is prejudicial to the Plaintiffs to wait until nearly half way through the discovery process to even *begin* the notice process.

Plaintiffs offered to wait until after Defendants filed their motion to dismiss Plaintiffs' Second Amended Complaint (to be filed by January 26, 2018) so that while the briefing cycles of the two (2) motions would overlap, the parties would only be working on one brief at a time. Defendants' have indicated that their motion to dismiss the Second Amended Complaint, like their motion to dismiss the Amended Complaint, will not reach Plaintiff's FLSA claims and Plaintiffs do not believe that a ruling on the motion will affect the Court's ruling on conditional certification.

Thus, Plaintiffs ask that the Court allow Plaintiffs to file their Motion for Conditional Certification as soon as the same is prepared.

A. Parties to be Added by:

30 days after the Court enters the initial scheduling order.

B. Proposed Discovery Cutoff Date (4 Months of Discovery Unless Extended by the Court for Good Cause):

As set forth in Section V above, the parties agree that they will need at least 10 months of discovery following the Court's ruling on Plaintiffs' Motion for Conditional Certification. The parties further agree that in the event the Court certifies a Rule 23 class as to any of Plaintiffs' claims, they will need at least four months from the Court's Rule 23 class certification ruling to complete any remaining, limited merits-related discovery.

C. Fact Witness Lists to be Exchanged by:

The parties believe it is premature to identify a date by which fact witness lists are to be exchanged at this early stage in the litigation. The full scope of this case will not be known to the parties until the parties are at least substantially further along in terms of their key motion practice and discovery.

D. Proposed Date for Expert Reports by Plaintiff and Defendant:

The parties believe it is premature to identify a date by which the parties must produce expert reports at this early stage in the litigation for the reasons stated above in Section V.C.

VI. **Fed. R. Civ. P. 26(f) Discovery Plan**

   A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?
   ☒ Yes (If yes, explain.)

   Please see below in Section VI.B regarding the exchange of initial disclosures under Rule 26(a)(1), and above in Sections V.C-D regarding the exchange of witness lists and expert reports.

   ☐ No

   B. When were or will initial disclosures under Rule 26(a)(1) be made?

   The parties agree to exchange initial Rule 26(a)(1) disclosures by January 26, 2018.

   Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

   C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?    ☒ Yes    ☐ No

   Please see explanation in Section V above.

   D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
   ☒ Yes (If yes, explain.)
   ☐ No

   The parties agree that the number of depositions to be taken by Defendants will not be limited to ten, given the potential number of putative FLSA opt-ins and Rule 23 class members. The parties believe it is premature to determine whether the limitations on the other forms of written discovery will need to be changed based on the potential number of putative FLSA opt-ins and Rule 23 class members.

   E. Proposed Number of Fact and Expert Depositions:

   1. To be allowed for Plaintiff?

   The parties believe it is premature to identify the number of fact and expert depositions at this early stage in the litigation for the reasons stated in Section V.C above.

   2. To be allowed for Defendant?

   The parties believe it is premature to identify the number of fact and expert depositions at this early stage in the litigation for the reasons stated in Section V.C above.

   F. Is there a need for any special discovery management order(s) by the Court?
   ☐ Yes (If yes, explain.)
   ☒ No

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.    Anticipated Dispositive Motions?**
☒ Yes (If yes, describe.)
☐ No

Please see discussion set forth in Section V above.

**VIII.   Do all parties consent to trial before the assigned magistrate judge?**   ☐ Yes   ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.     Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**   ☐ Yes   ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.      Settlement Plan** (Check one):

☐ Settlement Conference Requested After:
   Describe Settlement Judge Expertise Required, If Any:

☒ Private Mediation Scheduled On:

The parties believe that any settlement discussions would be premature at this stage of the case, and that it would be prudent only after the parties have taken some meaningful discovery. The parties believe that at the appropriate time, a private mediation session would be the most productive course of action.

☐ Other ADR (Explain):

☐ ADR Appropriate:
   ☐ Yes
   ☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

   Plaintiffs:    ☒ Yes    ☐ No

   Defendants:   ☒ Yes    ☐ No

**XI.     Does this case warrant special case management?**
☒ Yes (If yes, explain.)
☐ No

Please see discussion in Section V above.

{1762008;}Joint Status Report CV-03 (2/2014)

WEIL:\96372251\20\51991.0081

**XII.**     **Do the parties request that the Court hold a scheduling conference?**     ☐ Yes     ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

Although the parties do not believe that a scheduling conference is necessary, they are prepared to address either of the issues raised in Section V above concerning the timing of Plaintiffs' Motion for Conditional Certification and/or Plaintiffs' filing of the December 21 Pleading (i.e., the Second Amended Complaint) without Defendants' prior approval or consent. Otherwise, the parties suggest that a conference be held following the Court's decision on Plaintiffs' Motion for Conditional Certification.

**XIII.**     **Estimated Trial Time:**

The parties believe it is premature to estimate the length of trial at this early stage in the case.

Attorney for Plaintiff   (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Donald E. Smolen, OBA #19944
David A. Warta, OBA #20361
Laura Lauth Hamilton, OBA #22619
Maryann M. Hon, PA #308853, NJ #02189-2010, OBA #32911
donaldsmolen@ssrok.com
davidwarta@ssrok.com
laurahamilton@ssrok.com
maryannhon@ssrok.com
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667
(918) 585-2669 Facsimile

Attorney for Defendant   (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

John D. Russell, OBA No. 13343
Chris S. Thrutchley, OBA No. 15859
Justin A. Lollman, OBA No. 32051
GableGotwals
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4217
jrussell@gablelaw.com
cthrutchley@gablelaw.com
jlollman@gablelaw.com
(918) 595-4800 (telephone)
(918) 595-4990 (fax)

Gary D. Friedman (admitted pro hac vice)
Celine J. Chan (admitted pro hac vice)
Larsa K. Ramsini (admitted pro hac vice)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

gary.friedman@weil.com
celine.chan@weil.com
larsa.ramsini@weil.com
(212) 310-8000 (telephone)
(212) 310-8807 (fax)