**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JENNIFER GOODE and KANDI FREY,** | ) | |
| **individually, and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | **Case No. 17-CV-472-GKF-JFJ** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **NUANCE COMMUNICATIONS, INC.;** | ) | |
| **and NUANCE TRANSCRIPTION** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the undersigned is Defendants' Expedited Motion For Sanctions or to Compel Discovery Responses by Opt-Ins ("Motion") (ECF No. 104), which was referred by United States District Judge Gregory Frizzell. For reasons explained below, the Motion is GRANTED in part and DENIED in part. The motion for sanctions is DENIED without prejudice, and the motion to compel is GRANTED.

## I. Factual Background

In this lawsuit, Judge Frizzell conditionally certified a Fair Labor Standard Act ("FLSA") collective action, pursuant to 29 U.S.C. § 216(b), and approved a notice to send potential opt-in plaintiffs. The notice provides: "If you join the lawsuit, you may be required to provide information, sit for depositions, and testify in court, and the decisions and agreements made and entered into by the named Plaintiffs will be binding on you. You may also be required to cooperate with the named Plaintiffs and Class Counsel in prosecuting the claims." ECF No. 56-1. A total of 865 plaintiffs have opted into the collective action.

At the commencement of discovery, the parties agreed that Defendants would serve document requests on a sample of fifty randomly selected opt-in Plaintiffs ("Sample"). Defendants served six document requests on the Sample on May 10, 2019, requesting documents relating or referring to the following: (1) number of hours worked since July 1, 2015; (2) use of Defendants' timekeeping and other computing systems since July 1, 2015; (3) rest breaks since July 1, 2015, including calendars, notes, logs, and similar documents; (4) employment or severance agreements with Defendants; (5) damages; and (6) "non-privileged communications (social media . . .) since July 1, 2015 by or among [Plaintiff] and any non-lawyer third-party . . . in any way related to [Plaintiff's] claims, including incentives promised and not paid and pay for rest breaks, or making any reference to [Defendants] or work performed for [Defendants]." *See* ECF No. 106 at 2-3. Plaintiffs did not object to any of these requests.

On August 15, 2019, following inquiries from Defendants' counsel regarding non-responsive opt-in Plaintiffs, Plaintiffs' counsel sent an email stating: "Here is a list of the opt-ins with whom we have been unable to establish contact after numerous tries and as such, I do not anticipate a response." ECF No. 104-1. Counsel then listed sixteen opt-in Plaintiffs.[1] Plaintiffs never requested an extension from Defendants or the Court regarding these individuals. To date, Defendants have deposed the named Plaintiffs and nine opt-in Plaintiffs. In the currently pending motion, Defendants move for the sanction of dismissal with prejudice of the sixteen non-responsive opt-in Plaintiffs or, alternatively, to compel the opt-in Plaintiffs to respond by a date certain with a warning regarding a dismissal sanction. Plaintiffs' responses were due June 10, 2019, and are currently over four months overdue.

---

[1] According to the motion, Plaintiffs' counsel also explained that seven additional non-responsive opt-in Plaintiffs intended to respond to the discovery requests. Defendants do not seek relief with respect to those seven Plaintiffs.

## II.     Motion for Sanctions

Rule 37(d)(1) authorizes sanctions where a party wholly fails to respond or object to discovery requests, and the movant has in good faith attempted to obtain a response without court action.  Fed. R. Civ. P. 37(d)(1)(A)(ii) & (B).  Permissible sanctions include those listed in Rule 37(b)(2)(A), which include Defendants' requested sanction of dismissal with prejudice.  However, the Tenth Circuit has cautioned that dismissal is a harsh sanction and that "a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the [movant]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted).  Although this list of factors does not establish a "rigid test," a court should evaluate any other relevant factors on the record. *Id.*  Dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.*  Due to the harshness of a dismissal sanction, the violation must be predicated upon willfulness, bad faith, or some fault of the party rather than inability to comply. *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

The Court has not yet compelled discovery responses or warned these sixteen Plaintiffs that their FLSA claims may be dismissed if they do not comply with the discovery requests.  Further, the record does not clearly reflect that Plaintiffs' counsel made an explicit warning of dismissal.  The Courts dismissal premature in these circumstances.  While many courts have dismissed opt-in Plaintiffs who failed to comply with discovery obligations or otherwise participate in the lawsuit, most courts have done so only after granting a motion to compel and

3

issuing an explicit warning. *See, e.g., Colella v. New York City Transit Auth.*, No. 12 Civ. 6041 (GBD)(MHD), 2015 WL 906168, at *3 (S.D.N.Y. Mar. 3, 2015) (dismissing nonresponsive opt-ins after compelling opt-ins to respond or be dismissed); *Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2013 WL 2250431, at *6 (W.D.N.Y. May 21, 2013) (same); *Scott v. Raudin McCormick, Inc.*, No. 08-4045-EFM, 2010 WL 3125955, at *4 (D. Kan. Aug. 6, 2010) (same). Even in the case relied upon by Defendants, in which the court dismissed non-responsive opt-in plaintiffs prior to any court warning, the plaintiffs had received an explicit dismissal warning from their counsel. *See Mingo v. Sprint Corp.*, No. 2:17-CV-2688-JAR-KGG, 2018 WL 6725382, at *1 (D. Kan. Dec. 21, 2018). Accordingly, the motion for sanctions in the form of dismissal with prejudice is denied without prejudice.

### III.     Motion to Compel

Alternatively, Defendants move to compel responses from these sixteen Plaintiffs and issue an explicit warning of the sanction of dismissal. Plaintiffs argue that the Court should deny the motion to compel, because Defendants have adequate information with the thirty-four responses from the Sample and that any further discovery is "duplicative, cumulative, and burdensome." ECF No. 106 at 6.

"There is no bright-line rule that the court should always limit or prohibit individualized discovery in an FLSA collective action." *Scott*, 2010 WL 11565526, at *5. In this case, Plaintiffs did not move for a protective order to prevent individualized discovery. *See Scott*, 2010 WL 11565526, at *4 (explaining issues surrounding individualized discovery in FLSA cases and noting that "plaintiffs' counsel either expressly or impliedly agreed to individualized discovery and only objected when the majority of opt-in plaintiffs failed to respond to the discovery requests"). Instead, Plaintiffs agreed to a discovery plan whereby Defendants would issue six documents

requests to fifty randomly selected opt-in Plaintiffs, or less than six percent of the total 865 Plaintiffs. Plaintiffs did not object to any specific requests as burdensome or irrelevant.

The Court grants the motion to compel for two reasons. First, the Court finds that compelling these responses is necessary to effectuate the discovery agreement and is not overly burdensome, cumulative, or duplicative. Although Plaintiffs urge the Court to ignore non-compliance on grounds that these sixteen responses will be "cumulative," Plaintiffs did not present any specific examples of the cumulative nature of responses produced so far. Further, Plaintiffs' argument ignores that Plaintiffs agreed to this number as a compromise during the discovery process, while certainly knowing the potentially cumulative nature of fifty individualized document productions. If Plaintiffs believed Defendants were on a "fishing expedition" with these requests or that six percent was an unduly burdensome sample size, *see* ECF No. 106 at 4, they could have litigated that issue with the Court. Instead, they agreed to that number as a reasonable representative sample in this case. While courts have discretion to conclude that some portion of the sample is adequate, *see, e.g.*, *Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-KMT, 2018 WL 2045890, at *5 (D. Colo. May 2, 2018) (declining defendant's request to compel responses from non-responsive opt-in plaintiffs where defendant made no argument as to why it was entitled to written responses from those particular plaintiffs), the Court declines to do so here. Sixteen missing responses is significant, given the limited sample size of fifty of 865 Plaintiffs. Further, Defendants contend they have received useful information from other responses, including "communications about the malware incident and proposed severance/release agreements that would be overly burdensome to collect given the large number of opt-in plaintiffs." ECF No. 110 at 4. In resisting the motion to compel, Plaintiffs are essentially trying to litigate the reasonableness of the agreed sample, which the Court declines to do.

Second, the Court finds it fair and proper to compel responses from non-responsive Plaintiffs. All Plaintiffs were warned in the notice that they may be required to comply with discovery. Once randomly selected, these Plaintiffs' discovery obligations arose. Although compelling these Plaintiffs to respond (with a threat of dismissal) creates some degree of inequity between selected and non-selected Plaintiffs, this is a reasonable consequence of the agreed discovery plan and representative sampling. Such plan promoted efficiency and avoided discovery requests being served on all 865 Plaintiffs. Just as all opt-in Plaintiffs are sometimes required to comply with individualized discovery requests or face dismissal, *see, e.g., Mingo*, 2018 WL 6725382, at \*1-2; *Scott*, 2010 WL 3125955, at \*4, courts routinely compel non-responsive members of "sample" groups to comply with discovery obligations or face dismissal, *see Gordon*, 2013 WL 2250431, at \*5 (explaining, in context of dismissal order, court had previously compelled 59 of the selected sample group of 100 to respond to written discovery requests); *Ruiz v. Citibank, N.A.*, No. 10 CIV. 5950 (KPF)(RLE), 2014 WL 4635575, at \*1 (S.D.N.Y. Aug. 19, 2014) (explaining, in context of dismissal order, court had previously compelled five of the selected sample group of fifteen to respond to written discovery requests); *Hinterberger v. Catholic Health Sys., Inc.*, 284 F.R.D. 94, 106 (W.D.N.Y. 2012) (compelling discovery responses from all 110 randomly-selected opt-in plaintiffs, which consisted of non-responsive plaintiffs from both an initial group and supplemental sample group).[2] Accordingly, the Court grants the motion to compel as to the sixteen non-responsive opt-in Plaintiffs.

---

[2] Neither party in this case proposed or discussed a supplemental sample group, and the discovery deadline is now closed.

## IV.    Conclusion

The Motion (ECF No. 104) is GRANTED in part and DENIED in part.  The motion for sanctions is DENIED without prejudice.  The motion to compel is GRANTED.  Non-responsive Plaintiffs shall have an additional fourteen (14) days, or until October 29, 2019, to comply with their discovery obligations.  **Plaintiffs are expressly warned that failing to comply with discovery obligations by October 29, 2019, may result in dismissal of their claims.**

Plaintiffs' counsel is ordered to: (1) immediately provide a copy of this Opinion and Order via mail and email to the sixteen non-responsive Plaintiffs; and (2) inform Defendant by October 30, 2019, whether any additional responses were received.  Defendants may file a renewed motion for sanctions at that time.

**SO ORDERED** this 15th day of October, 2019.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**